# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH CASTILLO, DANNY
SALAS, and CARL NIETO,

    Plaintiffs,

v.                                                 CIV 01-0369 WJ/WWD

CITY OF ALBUQUERQUE, and
PLEAS M. GLENN,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendants' Motion for Summary Judgment [Docket No. 35]. Having reviewed the motion, related pleadings, and evidence in the case, the Court finds there are genuine issues of material fact that preclude summary judgment, and the motion must therefore be DENIED.

## BACKGROUND

Plaintiffs were all applicants for a job advertised by the City of Albuquerque in Advertisement No. 9166 dated 3/31/2000. Exhibits C and D to Defendants' Memorandum in Support of Motion for Summary Judgment. Defendant City of Albuquerque and Defendant Pleas Glenn selected Mr. Kenneth Mitchell to fill the position for which Plaintiffs had applied. Defendants concede that Plaintiffs have made a prima facie case under Title VII in accordance with the McDonnell Douglas burden shifting standard because Plaintiffs belong to a minority group, Plaintiffs were qualified for the job for which they applied, none of the Plaintiffs was hired,

and a non-minority person was hired for the job.

Advertisement No. 9166 was intended by the City to fill two separate job vacancies. One vacancy was in Building Facilities and the other was in Grounds Maintenance. Exhibits 7, 8, 9, 10, 11 and 13 to Plaintiffs' Response. Plaintiffs were all "prequalified" by the Human Resources Department for the vacancy in Grounds Maintenance that was intended to be filled by Advertisement No. 9166. Exhibit C to Defendants' Memorandum in Support of Motion for Summary Judgment. Mr. Mitchell was not on the list of prequalified candidates for either of the job vacancies. Id. While Mr. Mitchell had allegedly prequalified for a similar job the previous year, the position and qualifications for that previously advertised job were not identical to the qualifications listed in 9166. Exhibit A to Defendants' Memorandum in Support of Motion for Summary Judgment.

As noted, there were two separate vacancies, a Grounds Maintenance vacancy and a Building Facilities vacancy. While Mr. Mitchell was not on the list for either, he was interviewed for the Building Facilities vacancy by the panel conducting interviews for that position. Exhibits 7 and 10 to Plaintiffs' Response. However, Mr. Mitchell did not interview for the Grounds Maintenance position. Exhibit 7 to Plaintiffs' Response. While Mr. Mitchell had prior experience in construction, he had no prior experience in park maintenance. Id.

Plaintiffs were all among the top five candidates for the Grounds Maintenance position. Exhibits 7 and 10 to Plaintiffs' Response. Similarly, Mr. Mitchell was among the top five candidates for the Building Facilities position and was the third in order of priority. Id. For some reason, the two separate lists for the two separate positions was combined into a single list from which Mr. Glenn selected final candidates to interview for the two positions. Id. This combined

list was generated by taking the first candidate from the Building Facilities list and placing him in first position in the combined list, then taking the first candidate from the Grounds Maintenance list and placing him in the second position on the combined list. Id. The second candidates from each separate list were then placed in the third and fourth positions on the combined list, and so on and so forth. Id. Thus, Mr. Mitchell, who was third on the Building Facilities list became fifth on the combined list, and Plaintiff Mr. Castillo, who was third on the Grounds Maintenance list, became sixth on the combined list. Id. Plaintiffs Mr. Salas and Mr. Nieto became eighth and tenth, respectively, on the combined list. As noted, Mr. Mitchell was hired for the Grounds Maintenance position. Defendants state that Mr. Mitchell was hired because he is more qualified for the position than any of the Plaintiffs.

**LEGAL STANDARD**

In the context of employment discrimination cases analyzed pursuant to the McDonnell Douglas framework, in order to survive summary judgment, a plaintiff bears the initial burden of establishing a prima facie case. See e.g., Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Once the plaintiff has established a prima facie case, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the allegedly discriminatory conduct. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the employer meets this burden of production, the burden shift back to Plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual. Ingels v. Thiokol Corp., 42 F.3d 616, 622 (10th cir. 1994). The Plaintiff need not present direct evidence of illegal discriminatory animus to survive summary judgment. See Randle v. City of Aurora, 69 F.3d 441, 451 (10th cir. 1995). Plaintiff can show pretext if

there are such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons. Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th cir. 1997).

**DISCUSSION**

As noted above, parties agree that Plaintiffs have made their initial prima facie case. Defendants have responded by asserting a legitimate nondiscriminatory reason for hiring Mr. Mitchell over the Plaintiffs. Defendants point out that Mr. Mitchell was higher on the combined list than any of the Plaintiffs. Defendants also state that Mr. Mitchell was more qualified for the position than any of the Plaintiffs. They assert that the failure of the human resources department to include Mr. Mitchell on the list of persons who prequalified for the position was a clerical error, and that Mr. Mitchell automatically qualified for the position based on his qualification for the earlier job posting.

Defendants have met their burden of production by proffering a legitimate, nondiscriminatory reason for their hiring decision. Thus, Plaintiffs have the burden of showing a genuine issue of material fact as to whether this proffered reason is pretextual. Plaintiffs may meet this burden by showing disputed facts from which a reasonable jury could infer that the proffered legitimate reason offered by Defendants is unworthy of belief. Plaintiffs have met this burden.

The evidence shows that Mr. Mitchell was not included on the list of prequalified candidates for the job. There is a disputed issue of material fact whether Mr. Mitchell was prequalified for the job based on his prequalification for a previously advertised position. There

4

are also disputed issues of material fact regarding the lists of candidates for the two positions, the combination of the two lists into a single list, the resulting rankings of the various candidates, and the possible reasons these two lists were combined in such a manner.  A reasonable jury could find that these events contradict, are inconsistent with, and show weakness and implausibility in Defendants' proffered reasons for hiring Mr. Mitchell over any of the Plaintiffs for the Grounds Maintenance position.  A reasonable jury could infer from the facts in the record that Defendants' proffered reason for hiring Mr. Mitchell into a position for which he did not interview is unworthy of belief.  Therefore, summary judgment is not appropriate.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Docket No. 35] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE