# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

JOSEPH CASTILLO, DANNY
SALAS, and CARL NIETO,

      Plaintiffs,

v.                                     CIV 01-0369 WJ/WWD

CITY OF ALBUQUERQUE, and
PLEAS M. GLENN,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

THIS MATTER comes before the Court pursuant to Defendants' Motion to Alter or

Amend Judgment [Docket No. 43]. Having reviewed the submissions of the parties and the

relevant law, the Court finds the motion is not well taken and shall be denied.

## BACKGROUND

Defendants filed a Motion for Summary Judgment in this case on March 25, 2002. By

Memorandum Opinion and Order filed May 23, 2002, this Court found that there are genuine

issues of material fact in this case and that summary judgment is not appropriate. Defendants filed

their Motion to Alter and Amend Judgment on July 2, 2002, and filed this motion in accordance

with the local motion package rule such that the filing included the motion, response, and reply.

Defendants' motion asserts that it is made pursuant to Fed. R. Civ. P. 59(d).

## DISCUSSION OF PROCEDURAL ISSUES

Rule 59(d) regards "Order of New Trial on Court's Initiative." The Court presumes that

Defendants intended to cite to Rule 59(e) in their motion which is styled "Motion to Alter or

Amend Judgment."   Rule 59(e), on its face, appears to apply to all judgments; however, I  have

serious doubts regarding its applicability to anything other than final judgments.   My denial of

Defendants' Motion for Summary Judgment was not a final judgment.   Thus, in my view, Rule

59(e) does not apply to Defendants' motion.   This is likely a benefit to Defendants, however,

because under Rule 59(e), the motion was not timely.

Rule 59(e) requires that a party file a motion to alter or amend a judgment within 10 days

of entry of judgment.   Here, Defendants did not file their motion within 10 days.   I am sensitive to

the fact that Defendants could not both file their motion within 10 days and simultaneously

comply with the local rule regarding motion packets.   However, a court does not have discretion

to grant extensions with regard to the 10 day requirement.   See Weitz v. Lovelace Health Sys.,

Inc., 214 F.3d 1175, 1179 (10th Cir. 2000).   Thus, if I were to consider the motion under Rule

59(e), I would have to deny it on procedural grounds because the motion was not timely filed.

As noted above, I do not construe the motion as one filed pursuant to Rule 59(e) nor do I

find that it is properly construed as a motion pursuant to Rule 60(b) which, by its plain language,

applies only to final judgments.   I note that the Federal Rules of Civil Procedure contain no

express method by which a party may file a motion to reconsider a denial of summary judgment

that does not operate as a final judgment.[1]   See United States v. Emmons, 107 F.3d 762, 764

(10th Cir. 1997).   I am not certain by what procedural method most trial courts address motions

for reconsideration that are presented in response to orders and judgments that do not operate as

final judgments   However, I do not believe this issue keeps many district court judges awake at

---

[1]  Normally, such motions are treated as motions under Rule 59 or Rule 60 when filed
after a trial court's entry of final judgment.   Emmons, 107 F.3d at 764.

2

night nor does it keep them from addressing such motions on the merits. Thus, I will join the ranks of my peers, address Defendants' motion on the merits, and sleep well in spite of it.

**DISCUSSION ON THE MERITS**

Defendants seek reconsideration of my denial of their motion for summary judgment by essentially rehashing the same arguments made in support of their motion for summary judgment. I can appreciate that Defendants are not satisfied with my ruling and believe that it must have been based on a lack of clarity of the evidence or the arguments. However, my ruling was based on a careful consideration of the evidence before the Court, the burdens on each party at the summary judgment stage, and the standards applicable to a motion for summary judgment. I, therefore, will not reconsider my ruling nor reexamine what has already been painstakingly considered.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Alter or Amend Judgment [Docket No. 43] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE